UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T. DUNCAN,<br><br>       Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>       Defendants. | No.  2:14-cv-00340-TLN-AC<br><br><br>ORDER |

   This matter is before the undersigned in accordance with Local Rule 302(c)(21).  Plaintiff has asserted claims against Defendants Bank of America, N.A., Bank of America Corporation & Recon Trust, MERS, and MERSCORP for violation of the California False Claims Act ("CFCA"), Cal. Gov't Code § 12650; and Financial Code §§ 1857(d)(e)(g)(h), 22712, 22713(b)(c)(d), 22753, 23064, and 794.  ECF No. 1.  On February 10, 2014, plaintiff filed a request that his complaint be filed in camera and under seal in accordance with the Federal False Claims Act ("FCA"), 31 U.S.C. § 3729.  ECF No. 3.

   Plaintiff's request to file his complaint in camera and under seal asks the court to seal his complaint for sixty (60) days.  ECF No. 3 at 2.  Because plaintiff's complaint has been under seal for more than sixty (60) days already, the court will deny plaintiff's request as moot.

   In addition, the court must consider whether it has jurisdiction over this action.  The federal courts are obligated to independently examine their own jurisdiction.  FW/PBS, Inc. v.

1  City of Dallas, 493 U.S. 215, 231 (1990).  A district court may dismiss an action sua sponte

2  whenever it appears that jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3); Fiedler v. Clark, 714

3  F.2d 77, 78–79 (9th Cir. 1983).

> As with any case filed in federal court, a plaintiff's complaint must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).
> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.] ... It is to be presumed that a cause lies outside this limited jurisdiction, ... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

9  Kokkonen v. Guardian Life Ins. of America, 511 U.S. 375, 377 (1994) (citations omitted).

10 Plaintiff bears the burden of proof for establishing jurisdiction.  Farmers Ins. Ex. v. Portage La

11 Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990).  This burden, at the pleading stage, must

12 be met by pleading sufficient allegations to show a proper basis for the court to assert subject

13 matter jurisdiction over the action.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178,

14 189 (1936); Fed. R. Civ. P. 8(a)(1).

15     Although plaintiff alleges that this action includes claims arising under federal law, ECF

16 No. 1 at 4, the court finds that his complaint does not actually include any federal claims.

17 Plaintiff's complaint contains references to federal laws including the FCA, 31 U.S.C. § 3730,

18 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*

19 However, plaintiff's complaint also includes headings identifying his only claims against

20 defendants as violations the CFCA, Cal. Gov't Code § 12650; and Financial Code §§

21 1857(d)(e)(g)(h), 22712, 22713(b)(c)(d), 22753, 23064, and 794.  ECF No. 1 at 9, 10.  Further,

22 plaintiff alleges that defendants have defrauded California homeowners and the State of

23 California, not the United States.  ECF No. 1 at 4.  Accordingly, the court construes plaintiff's

24 complaint as raising claims under state, not federal, law and will order plaintiff to show cause

25 why this action should not be dismissed for lack of subject matter jurisdiction.

26     In accordance with the above, IT IS HEREBY ORDERED that:

27     1. Plaintiff's motion requesting that his complaint be filed in camera and under seal (ECF

28 No. 3) is DENIED as moot;

2. Plaintiff is directed to show cause in writing within twenty-eight (28) days why this action should not be dismissed for lack of subject matter jurisdiction.

DATED: February 13, 2015

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE